NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re:

                                                  Chapter 7

IAIN CURTIS-SHANLEY,

                                                  Case No. 23-22314 (KYP)

        Debtor.
-------------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER
## DENYING DEBTOR'S MOTION FOR SANCTIONS

**APPEARANCES:**

IAIN CURTIS-SHANLEY
*Pro Se Debtor*
38 Ridge Street
Hastings-on-Hudson, NY 10706

TROUTMAN PEPPER LOCKE LLP
*Counsel to Capital One, N.A.*
875 Third Avenue
New York, NY 10022
By:    Matthew Ray Brooks, Esq.
          Of Counsel

    -and-

111 South Wacker Drive, Suite 4100
Chicago, IL 60606
By:    Christina J. Lesko, Esq.
          Of Counsel

SESSIONS, ISRAEL, & SHARTLE, LLC
*Counsel to Credit One Bank*
3838 N. Causeway Blvd., Suite 2800
Metairie, LA 70002
By:    Michael Alltmont, Esq.
        Kirsten Smith, Esq.
          Of Counsel

**HONORABLE KYU YOUNG PAEK**
**UNITED STATES BANKRUPTCY JUDGE**

**INTRODUCTION**

*Pro se* Chapter 7 debtor Dr. Iain Curtis-Shanley ("Debtor") incurred over $11,000 of post-petition credit card debt with Capital One, N.A. ("Capital One"), Credit One Bank ("Credit One"), and Mission Lane LLC ("Mission Lane," and collectively, the "Banks"). The Debtor contends that the Banks violated the automatic stay by seeking repayment of those debts because, among other things, he recently amended his bankruptcy schedule to reflect inclusion of those debts. The Debtor has moved for sanctions and related relief against the Banks ("Motion").[1] Capital One and Credit One have filed oppositions to the Motion.[2]

Only pre-petition debts are subject to a Chapter 7 bankruptcy discharge, and the automatic stay does not generally enjoin efforts to collect debts incurred post-petition. The Debtor's post-petition amendment to his bankruptcy schedule to include post-petition debts has no bearing on these well-established concepts. Because the Banks have not violated the automatic stay, the Motion is DENIED.

---

[1] The Motion encompasses the following documents: (i) *Motion to Compel Compliance, Sanction, and Extend Deadline*, docketed on June 15, 2025 ("Debtor Brief") (ECF Doc. # 23), (ii) *Reply to Motion to Compel Compliance, Sanction, and Extend Deadline*, dated Aug. 22, 2025 ("Debtor Reply") (ECF Doc. # 38), (iii) *Request for Entry of Default, for Motion to Compel Compliance, Sanction, and Extend Deadline*, dated Aug. 22, 2025 ("Debtor First Supp. Filing") (ECF Doc. # 39), and (iv) *Motion to Admit Audio Transcripts as Evidence*, docketed on Aug. 26, 2025 ("Debtor Second Supp. Filing") (ECF Doc. # 40). "ECF Doc. # _" refers to documents filed on the electronic docket of this bankruptcy case. "ECF p. _" refers to the page number imprinted across the top of the page by the Court's electronic filing system.

[2] *See Capital One's Opposition to Motion to Compel Compliance, Sanction, and Extend Deadline*, dated July 17, 2025 ("Capital One Brief") (ECF Doc. # 26); *Declaration of Sarah Blankenship in Support of Response to Motion to Compel Compliance, Sanction, and Extend Deadline*, dated July 17, 2025 ("Blankenship Declaration") (ECF Doc. # 27); *Credit One Bank's Opposition to Motion to Compel Compliance, Sanction, and Extend Deadline*, docketed on Aug. 21, 2025 ("Credit One Brief") (ECF Doc. # 36).

**BACKGROUND**

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on April 28, 2023 ("Petition Date"). He also filed his bankruptcy schedules on the Petition Date including Schedule E/F listing creditors who have unsecured claims. (*See* ECF Doc. # 1 at ECF pp. 27-47.) On March 7, 2025,[3] the Debtor filed an amended Schedule E/F ("Amended Schedule of Creditors"). (*See* ECF Doc. # 21.) As pertinent to the Motion, the Amended Schedule of Creditors listed the Banks as holding *post-petition* unsecured claims against the Debtor:

| Creditor | Last 4 Digits of Account | Date Debt Incurred | Debt Amount |
|---|---|---|---|
| Capital One | 7709 | 9/23/2024 | $2,039.77 |
| Capital One | 8881 | 2/19/2025 | $3,182.56 |
| Credit One | 5037 | 9/6/2023 | $1,623.54 |
| Credit One | 5034 | 2/19/2025 | $1,209.52 |
| Mission Lane | 0616 | 11/2/2023 | $2,998.61 |
| **Total Post-Petition Credit Card Debt Incurred** | | | **$11,054.00** |

(Amended Schedule of Creditors at ECF pp. 4, 5, 18.)[4]

In response to efforts by the Banks to collect the outstanding credit card debt, the Debtor called each Bank multiple times to, among other things, inform them of the bankruptcy case and that the debts had recently been added to his bankruptcy

---

[3] This bankruptcy case has remained open due to the pendency of an adversary proceeding commenced by the Debtor to discharge student loan debt pursuant to 11 U.S.C. § 523(a)(8). *See Curtis-Shanley v. Dep't of Educ.* (*In re Curtis-Shanley*), Adv. P. No. 23-07020 (KYP), 2025 WL 1352199 (Bankr. S.D.N.Y. May 8, 2025) (granting summary judgment to the U.S. Department of Education). That adversary proceeding was closed on the same day as the date of the issuance of this Memorandum Decision and Order.

[4] The Debtor applied for the two Capital One credit cards over a year after the Petition Date. (Blankenship Declaration ¶ 7; Exs. A & B (showing that the Debtor applied for the credit card with account number ending in 7709 on May 27, 2024 and credit card with account number ending in 8881 on December 12, 2024).)

proceeding. (*See* Debtor Brief at 5 ("During [calls with the Banks], they have ignored the injunctions of bankruptcy and attempted to collect debts, despite being told beforehand that there was a chapter 7 bankruptcy stay in place."); *see generally* Debtor Second Supp. Filing (attaching transcripts of fifteen telephone calls between March 21 and June 11, 2025).)[5]

By the Motion, the Debtor seeks an order compelling the Banks to "clear" the credit card debts and work with credit reporting agencies to repair his credit score. (Debtor Brief at 11.) He also seeks the award of $30,000 in punitive damages ($10,000 against each Bank) under 11 U.S.C. § 362(k),[6] alleging that the Banks willfully violated the automatic stay. (*Id.*)[7] Capital One and Credit One each filed objections to the Motion (*see* Capital One Brief and Credit One Brief). The Court heard oral argument on August 28, 2025 and took the matter under advisement.

---

[5] The Debtor apparently recorded telephone conversations with representatives of the Banks. (Debtor Second Supp. Filing ("[The Debtor] attests and affirms that these audio files were taken directly from his phone, which had recorded those conversations, that the audio files were submitted without alteration, and that the resulting transcripts so prepared are, aside from some minor clerical errors and other minor errors typically attending such a transcription process, are accurate and reliable in their representation of the interactions and the facts and details of the case.").)

[6] Section 362(k) provides that "an individual injured by any willful violation of [the automatic stay] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k).

[7] The Debtor also sought an extension of time to complete his financial management course, (*see* Debtor Brief at 11), but he has already completed his pre- and post-petition courses required under 11 U.S.C. §§ 109(h), 111, and 727(a)(11) (ECF Doc. ## 2 (certificate of credit counseling completed on April 12, 2023)) and 8 (certificate of debtor education course completed on May 25, 2023).) Further, in the Debtor First Supp. Filing, the Debtor sought the entry of defaults against the Banks on the basis that the Banks failed to timely file answers under Federal Civil Rule 12(a)(1). (*See generally* Debtor First Supp. Filing.) But the Debtor did not commence an adversary proceeding against the Banks, which would subject the Banks to a deadline to file an answer. *See* FED. R. BANKR. P. 7012(a)(1) (requiring a defendant to serve an answer to a complaint within 30 days after the summons is issued). Rather, the Motion is a contested matter governed by Federal Bankruptcy Rule 9014, and, in contested matters, Federal Bankruptcy Rule 7012 is inapplicable unless a court order provides otherwise. FED. R. BANKR. P. 9014(c).

**DISCUSSION**

A. **Applicable Legal Standards**

The Motion seeks punitive damages under 11 U.S.C. § 362(k) and related relief for purported violations of the automatic stay by the Banks. However, before considering whether a party should be held in contempt and sanctioned for violating the automatic stay, the Court must first determine whether a stay violation has, in fact, occurred. *In re Manchanda*, Case No. 16-10222 (JLG), 2016 WL 3035946, at *5 (Bankr. S.D.N.Y. May 19, 2016). "The burden of proving a stay violation is on the 'party seeking to hold another in civil contempt,' and the violation must be established 'by clear and convincing evidence.'" *Id.* (quoting *Levin v. Tiber Holdings Corp.*, 277 F.3d 243, 250 (2d Cir. 2002)).

A Chapter 7 bankruptcy discharge generally "discharges the debtor from all debts that arose before" the date of the bankruptcy petition. 11 U.S.C. § 727(b). "A necessary corollary of this rule is that a chapter-7 discharge does *not* operate against debts that arose *after* the petition date." *Grubin v. Sallie Mae Servicing Corp., LP* (*In re Grubin*), 476 B.R. 699, 710 (Bankr. E.D.N.Y. 2012) (emphases in original); *see also In re Retort*, 300 B.R. 411, 415 (Bankr. W.D. Pa. 2003) ("Bankruptcy protection is intended to give the debtor a 'fresh start' free from the continuing costs of debts incurred prior to the filing, it is not meant 'to insulate debtor from the costs of post-bankruptcy acts.'") (quoting *Shure v. State of Vermont* (*In re Sure-Snap Corp.*), 983 F.2d 1015, 1018 (11th Cir. 1993)).

The automatic stay under 11 U.S.C. § 362(a) enjoins, among other things, various acts by creditors to recover pre-petition debts including the commencement or continuation of actions or proceedings against the debtor that was or could have been

5

commenced before the petition date, or to recover a claim against the debtor that arose before the petition date (§ 362(a)(1)), enforcement of a judgment obtained before the petition date (§ 362(a)(2)), and any act to collect, assess, or recover a claim that arose before the petition date (§ 362(a)(6)). In contrast, "the filing of a Chapter 7 petition does not operate as a stay as to any debt that arises post-petition." *In re Galgano*, 358 B.R. 90, 98 (Bankr. S.D.N.Y. 2007); *accord Manchanda*, 2016 WL 3035946, at *6; *see also In re Little*, Case No. 12-14401 (JHW), 2013 WL 4081692, at *1 (Bankr. D.N.J. Aug. 6, 2013) ("Actions taken to collect debts that arise post-petition . . . are not stayed by the automatic stay.").

**B.     Analysis**

As established by the Debtor's own Amended Schedule of Creditors, the debts owed to the Banks that are the subject of the Motion were incurred after the Petition Date. Consequently, efforts by the Banks to collect those debts are not enjoined by the automatic stay. Further, to the extent the Debtor receives a discharge in this bankruptcy case, the post-petition credit card debt owed to the Banks (and any other post-petition debt) will not be discharged. *See* 11 U.S.C. § 727(b).

The flawed rationale undergirding the Debtor's argument is that by filing and serving the Amended Schedule of Creditors, which included the post-petition debts owed to the Banks, those debts would be subject to the bankruptcy discharge and efforts to collect those debts would be enjoined by the automatic stay. (*See* ECF Doc. # 40-16 at ECF pp. 4-5 (transcript of Debtor's phone call with Bank representative in which the Debtor stated that he had "added" the credit card debts to his bankruptcy case); ECF Doc. # 40-17 at ECF pp. 1-2 (same); ECF Doc. # 40-18 at ECF pp. 1-2 (same); ECF Doc. # 40-19 at ECF pp. 1-2 (same); ECF Doc. # 40-20 at ECF pp. 1-2 (same); ECF Doc. # 40-

6

21 at ECF pp. 2-3 (same); ECF Doc. # 40-22 at ECF p. 2 (same); ECF Doc. # 40-23 at ECF p. 2 (same).)  This rationale is plainly wrong.  Amending schedules to include post-petition debts does not result in the debtor obtaining superior substantive rights against those creditors.  *In re Hicks*, 144 B.R. 419, 420 (Bankr. W.D. Ark. 1992) (denying debtor's "Motion to Add Creditors" and explaining that "[d]ebts incurred after the date of the filing of the chapter 7 petition, although they may appear on a list of creditors, are not discharged"); *see also Retort*, 300 B.R. at 415 ("Reopening debtor's case for the purpose of amending Schedule F so that debtor may schedule Mary Thanos as a post-petition creditor would be an exercise in futility.").  Allowing Chapter 7 debtors to increase the scope of their bankruptcy discharge by simply amending their schedules would perversely incentivize debtors to incur as much debt as possible in the period between the petition date and the closing of their bankruptcy case.  Such a result is contrary to the plain language of section 727(b) and public policy.

In the end, the Banks did not violate the automatic stay by seeking repayment of the post-petition credit card debt incurred by the Debtor.  Arguments made by the parties but not specifically addressed herein have been considered by the Court and rejected or rendered moot by the Court's ruling.

## ORDER

For the reasons stated, it is

**ORDERED** that the Motion is DENIED in its entirety.



Dated: August 29, 2025
Poughkeepsie, New York

/s/ Kyu Y. Paek
_____
Hon. Kyu Y. Paek
U.S. Bankruptcy Judge